UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIM HUNG HO, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 5:10-CV-05716 EJD <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> [Re: Docket Item No. 15] |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") moves for entry of default judgment in the amount of $111,600.00 against Defendant Kim Hung Ho, individually and d/b/a/ Thao Café, and Defendant Jadelor Corporation, an unknown business entity d/b/a/ Thao Café ("Defendants"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers Plaintiff's counsel has presented. For the reasons discussed below, the motion will be GRANTED.

**I. BACKGROUND**

**A. Procedural history**

Plaintiff filed the instant action on December 15, 2010. After Defendants were served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See ECF No. 12. The clerk entered default on April 19, 2011. Plaintiff moved for default judgment on May 19, 2011, and has provided proof of service indicating that a copy of the notice and

1

application for default judgment were mailed to Defendants. See ECF No. 15. Defendants have not responded.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast *Strikeforce: "Evolution:" Cung Le v. Scott Smith* on December 19, 2009, including the main event, undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn"), an investigator hired by Plaintiff, observed an exhibition of the Program in Thao Café. Defendants were not a sublicensee entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on eight or more televisions. Decl. of Affiant at 2. Between 9:10 p.m. and 9:12 p.m., he performed two headcounts, noting the presence of 25, 28, and 28 people by each respective count. Id. at 2-3. The declaration indicates the capacity of Thao Café as 100 and that Gravelyn did observe a satellite dish and did not observe a cable box. Id. at 2.

## II. DISCUSSION

The Federal Communications Act of 1934, 47 U.S.C. § 605 et seq. prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license. It provides a private right of action in federal court. Plaintiffs may request that courts award actual or statutory damages between $1,000 and $10,000 for each violation of section 605. 47 U.S.C. § 605(e)(3)(C)(i). Damages of up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605(e)(3)(C)(ii).

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1)

2

intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.' " California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)).

Plaintiff alleges in its complaint that it transmitted the Program, that Defendants unlawfully intercepted the Program, and that Defendants exhibited the Program. Compl. ¶¶ 9-15. Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,600 in damages for conversion.

**A. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)**

Under 47 U.S.C. § 605(e)(3), the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. Plaintiff has presented evidence of the capacity of the establishment as one hundred. The establishment served twenty-five, twenty-eight, and twenty-eight persons during Kaplan's headcounts, and the Program was shown on eight televisions. The Court finds that an award of $6,000 is sufficient under the circumstances.

**B. Enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)**

47 U.S.C. § 605(e)(3)(C)(ii) provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. 605(e)(3)(C)(ii). Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 14. "Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." J & J Sports Productions, Inc. v. Basto, et al., No. C 10-1803, 2011 WL 566843, at 2 (N.D.Cal. Feb. 14, 2011) (citing Universal Sports Network v. Jimenez, 2002 WL 31109707, at *1 (N.D.Cal. Sept.18, 2002)).

Plaintiff has brought to the attention of the Court two other cases in which similar conduct is alleged against Defendants: 5:11-CV-1163 LHK and 5:10-CV-1883 LHK. Case number 5:11-CV-1163 LHK pertains to events that occurred after the events at issue in this case, and the case is still pending. It therefore is not particularly probative of the Defendant's wilfulness or purpose

during the events at issue here. Case No. 5:10-CV-1883 LHK, however, pertains to conduct prior to the events that give rise to the current action.  Furthermore, Judge Koh granted default judgment against Defendant Kim Hung Ho, individually and doing business as Thao Café, and awarded $13,200 in damages.  The court notes that, in this prior case, the program was shown on more television sets and more people were present in the establishment. Decl. of Affiant at 1-2 J & J Sports Prods., Inc. v. Ho, No. 10–CV–01883–LHK (N.D. Cal. Sept. 1, 2010), ECF No. 15-3.

Here, there was no cover charge, the establishment was filled to less than half-capacity, and it is unclear whether Defendant made a profit. In light of the large number of television sets and evidence that Defendant Kim Hung Ho is a repeat offender, however, the Court concludes that this is an appropriate situation for the Court to exercise its discretionary authority to impose enhanced damages. The Court finds that an award of $1,000 is sufficient under the circumstances.

**C. Costs and Fees pursuant to 47 U.S .C. § 605(e)(3)(b)(iii)**

Costs and reasonable attorney's fees are recoverable under 47 U.S .C. § 605(e)(3)(B)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment. See Notice of Application ¶ 6, ECF No. 15. Accordingly, Plaintiff's counsel shall submit curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs by January 20, 2012.

**D. Damages for Conversion**

As a result of Defendants' default, the facts alleged in the pleadings are sufficient to establish that Defendants wrongfully denied Plaintiff ownership of the right to control the exhibition of the Program and therefore are sufficient to establish that Defendants are liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (App. Div. 1956). Pursuant to Cal. Civ. Code § 3336, Defendants are liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,600.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $6,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $1,000 in enhanced damages pursuant to 47 U.S.C. §

1  605(e)(3)(C)(ii), attorney's fees pursuant to 47 U.S .C. § 605(e)(3)(B)(iii), and $1,600 pursuant to
2  Cal. Civ. Code § 3336. Plaintiff's counsel shall submit documents supporting his request for
3  reasonable attorney's fees and costs no later than January 20, 2012.
4  IT IS SO ORDERED.
5  Dated:   F gego dgt"36."4233

_____
EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:10-CV-05716 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT