IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>  Plaintiff(s),<br>  v.<br><br>KIM HUNG HO, et. al.,<br><br>  Defendant(s). | CASE NO. 5:10-cv-05716 EJD<br><br>**ORDER STRIKING ABSTRACT OF JUDGMENT; ORDER TO SHOW CAUSE RE: SANCTIONS** |

On January 24, 2012, this court entered a default judgment against Defendants Kim Hung Ho and Jadelor Corporation, each individually and doing business as Thao Cafe ("Defendants"). See Docket Item No. 19. Despite Plaintiff G&G Closed Circuit Events, LLC's ("Plaintiff") request for a judgment in the amount of $111,600.00, the judgment *actually entered* by the court states as follows, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Plaintiff against Defendants for $6,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $1,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,600 pursuant to Cal. Civ. Code § 3336.

Putting these together, the total amount awarded to Plaintiff was $8,600.[1]

Thereafter, Plaintiff filed a Notice of Association of Counsel on April 20, 2014, through which Plaintiff associated Alan L. Rosen ("Rosen") and the Law Offices of Rosen & Loeb as co-

---

[1] The court also provided Plaintiff the opportunity to file an application for attorney's fees but no application was ever made. See Docket Item No. 19.

1
CASE NO. 5:10-cv-05716 EJD
ORDER STRIKING ABSTRACT OF JUDGMENT; ORDER TO SHOW CAUSE RE: SANCTIONS

counsel.[2] See Docket Item No. 21. On that same date, Rosen filed a document entitled "Request for Order for Service of Process by Registered Process Server." In that document - which contained an incorrect case number (5:11-cv-05716 EJD), identified another entity as the plaintiff (Joe Hand Promotions, Inc.), and was directed to the United States District Court for the Central District of California - Rosen requested the court issue an order allowing for service of writs of execution by private process server rather than by the United States Marshall's Service.

That document also contained two apparent misrepresentations by Rosen under penalty of perjury. First, Rosen wrote that "[j]udgment was entered in this matter in favor of Plaintiffs on 1-24-12 in the amount of $116,000.00," but as noted above, the only judgment entered in this action awarded Plaintiff the total amount of $8,600. Second, Rosen wrote that "[a] writ of execution has been issued by the Clerk of the Court." At the time, however, no such writ of execution appeared on the docket.

On May 6, 2014, the court issued an order denying Rosen's request for alternative service without prejudice. See Docket Item No. 23. In explaining the ruling, the court noted that "in its current form, it is unclear whether the request actually applies to the above-captioned action." The court further explained as follows:

> Indeed, the body of the request misstates the name of the plaintiff in this case (it refers to Joe Hand Promotions, Inc.), names another district court (the Central District of California) and misstates the amount of the judgment entered in this matter on January 24, 2012 (it states the judgment was for $116,000 when it actually awarded $8,600). Accordingly, Plaintiff may re-file this request using accurate information if it truly applies to this action.

Rosen, instead of renewing his previous request as the court invited, submitted a form Abstract of Judgment on June 30, 2014. See Docket Item No. 24. Much like in his previous filings, Rosen again misrepresented the amount of the judgment, now stating that the judgment entered on January 24, 2012, was for $111,600. Rosen also marked the box on the form to certify that the Abstract was a "true and correct abstract of the judgment entered in this action." Again, however, no such judgment for $111,600 was ever entered in this case.

---

[2] Notably, the text of the Notice of Association of Counsel mistakenly states that Rosen & Loeb were associated as co-counsel for J&J Sports Productions, an entity not involved in this case.

1  Federal Rule of Civil Procedure 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Here, by twice misrepresenting the amount awarded in the judgment, Rosen has submitted two documents in this action which may have violated Rule 11(b).  The Abstract of Judgment is particularly troubling because, by the time it was filed, the court had already explained the true amount of the judgment in a prior order.

Accordingly, Attorney Alan L. Rosen, the Law Offices of Rosen & Loeb, Attorney Thomas P. Riley, and the Law Offices of Thomas P. Riley, P.C., all of whom represent Plaintiff, are ordered to appear before the Honorable Edward J. Davila on **July 25, 2014, at 10:00 a.m.** in Courtroom No. 4, 5th Floor, United States District Court, 280 S. First Street, San Jose, California, 95113, to show cause why the court should not impose any and all appropriate sanctions, including monetary sanctions under Federal Rule of Civil Procedure 11(c), on them or any one of them.  These individuals or entities may file a response to this order demonstrating good cause why sanctions should not be imposed on or before **July 15, 2014.**

The Abstract of Judgment submitted on June 30, 2014 (Docket Item No. 24), is STRICKEN.  The clerk shall not issue any writs of execution in this action without a court order allowing for them to issue.  Requests for a writ of execution shall be made to the court by administrative motion pursuant to Civil Local Rule 7-11.

**IT IS SO ORDERED.**

Dated:  July 1, 2014



EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:10-cv-05716 EJD
ORDER STRIKING ABSTRACT OF JUDGMENT; ORDER TO SHOW CAUSE RE: SANCTIONS